# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN C., <br><br>  Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, <br> Commissioner of Social Security, <br><br>  Defendant. | No. CV 23-3037-DMG (JPR) <br><br> **ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, Magistrate Judge's Report and Recommendation, Plaintiff's Objection to the Report and Recommendation, and other records on file herein.

The Report and Recommendation ("Report") [Doc. # 21] recommends that the Commissioner's decision denying Plaintiff's application for disability benefits be affirmed. The Court has engaged in a *de novo* review of those portions of the Report to which objections have been made. As explained below, Plaintiff's objections to the Report [Doc. # 22] do not warrant a change to the Magistrate Judge's findings or recommendations.

Plaintiff objects that the Administrative Law Judge ("ALJ") did not state clear and convincing reasons to reject Plaintiff's pain and subjective symptoms

testimony. [Doc. # 22 at 3–4.] Specifically, Plaintiff objects that one of the ALJ's reasons was not sufficiently specific, and that the Report "takes the impermissible step of trying to fix the ALJ decision," by finding inconsistencies between Plaintiff's testimony and the medical evidence that the ALJ herself did not articulate. *Id*. at 4. Contrary to Plaintiff's objection, the ALJ specifically found the inconsistencies described in the Report. The ALJ found that "[a]lthough [Plaintiff] reports difficulty emulating, severe pain, and days in which she is unable to do anything, her medical records indicate infrequent complaints of any kind, aside from a September 2018 report of shakiness and April 2020 report of tingling sensation and dizziness[.]" [Doc. # 13-3 at 22–23.] The ALJ also cited medical records showing that Plaintiff's examinations "were generally normal, indicating no neurological deficits or musculoskeletal pain," as well as evidence that her "condition appears to be managed well with medication" and that "she has not required steroid injections in the last 8 months, only oral steroids, which suggests that her condition is stable[.]" *Id*. From these findings, the ALJ provided a clear link between Plaintiff's testimony and the evidence that undermined that testimony.

Plaintiff relatedly objects that the ALJ failed to explain how evidence of Plaintiff's daily activities discredited her pain testimony. [Doc. # 22 at 4–6.] Contrary to Plaintiff's objection, the ALJ did not rely on evidence of daily activities to assess Plaintiff's testimony [Doc. # 13-3 at 22–24], and the Report therefore did not review this factor. Moreover, the ALJ was not required to discuss evidence of daily activities as part of her analysis of Plaintiff's testimony. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (recognizing that the Ninth Circuit's precedents "do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits.") (citing *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("[T]he ALJ's analysis need not be extensive.")); *see also Willyard v.*

*Colvin*, 633 F. App'x 369, 370 (9th Cir. 2015) (noting that an ALJ is not required to discuss all factors in assessing a claimant's testimony).

Finally, Plaintiff objects that the Report did not properly evaluate the ALJ's decision under the "pre-2017 weighting system." [Doc. # 22 at 6.] This objection appears to be directed at the ALJ's analysis of medical opinions offered for a disability application, such as Plaintiff's application, filed before March 27, 2017. [Doc. # 14-1 at 3.] Plaintiff objects that "the ALJ decision does not even discuss the relevant factors, such as length of treatment." [Doc. # 22 at 6.] This objection repeats an argument that was convincingly rejected by the Report, which cited authority for the proposition that an ALJ need not discuss every possible factor for evaluating medical opinion evidence under 20 C.F.R. § 404.1527(c). [Doc. # 21 at 10.] The objection also does not dispute the Report's thorough review of the ALJ's analysis of the medical opinions. *Id.* at 10–16.

The Court accepts the findings and recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment is DENIED.
2. Defendant's request for an order affirming his final decision is GRANTED.
3. Judgment be entered consistent with this order.
4. The Clerk serve this Order and the Judgment on all counsel or parties of record.

DATED: September 30, 2024

*[signature: Dolly M. Gee]*

DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE